**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4293**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KALIFF CULBERTSON,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.  (3:13-cr-00017-RJC-2)

———————

Submitted:  October 27, 2014         Decided:  November 10, 2014

———————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert C. Carpenter, ADAMS, HENDON, CARSON, CROW AND SAENGER, P.A., Asheville, North Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaliff Lamar Culbertson appeals the 200-month sentence imposed by the district court after he pled guilty to bank robbery by force or violence, in violation of 18 U.S.C. §§ 2113(a), 2113(d), 2 (2012), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Culbertson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but questioning whether trial counsel was ineffective. Culbertson has filed a pro se supplemental brief asserting that the district court erred by applying the sentencing enhancement for brandishing a firearm in U.S. Sentencing Guidelines Manual ("USSG") § 2B3.1(b)(2)(C) (2013). We affirm.

We do not address ineffective assistance claims on direct appeal unless the attorney's ineffectiveness conclusively appears on the face of the record. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). To succeed on an ineffective assistance claim, a defendant must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance

2

prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Culbertson asserts that trial counsel was ineffective for the following reasons: (1) counsel was inexperienced; (2) counsel failed to object to the enhancement for brandishing a firearm; (3) counsel failed to object to the application of the career offender Guideline; and (4) counsel called Culbertson to testify during the sentencing hearing. Applying the relevant legal principles to Culbertson's ineffective assistance claims leads us to conclude that counsel's ineffectiveness does not appear conclusively on the face of the present record. Accordingly, we decline to review these claims on direct appeal.

In accordance with Anders, we have reviewed Culbertson's pro se claims and the entire record for any meritorious grounds for appeal and have found none. Accordingly, we decline to review Culbertson's claims of ineffective assistance of counsel and affirm the district court's judgment. This Court requires that counsel inform Culbertson, in writing, of his right to petition the Supreme Court of the United States for further review. If Culbertson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Culbertson.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>